Call the next case. 3-0-9-0-0-7-0 Petition of Deputy Chief Collector of the College of Cross-California, John Bower Vs. Objection by National City Bank of Chicago, Emily Cross-California Waterfront. Mr. Bower, you may proceed. Good afternoon. I'm John Bower, Assistant of Health to the Tax Register. The most important document in this case is Plaintiff's Exhibit Number 4. Now, this is the take notice form. As you recall in tax deed matters, this is the document that served our all district parties. We don't have a summons. We don't, even though there's a petition that's filed, it is not served upon in the district parties as a take notice form. The take notice form is set forth by statute in the property tax code. If my client, Doug Huff, had made a mistake on Exhibit Number 4, if it was an error, he had said something wrong on Exhibit Number 4, we wouldn't be here today. The objectors, the banks, have done an excellent job of changing the focus of this case at the trial court. They've tried in the appeal as well to shift away from the issue of Exhibit Number 4 to take notice to Exhibit Number 18 to petition for tax deed. They've tried to make three requirements for notification. The first is they've argued about the legal description of the property saying that the legal description has to be stated. Number two, that the PIN number needs to be stated on the document. And number three, that the location needs to be stated. In actuality, there are only two requirements. Number one, either the legal description or the PIN number. Section 120 of the definition portion of the property tax code states that the PIN can be used in any case in which the legal description is called for. And the PIN is a perfectly fine information provider than the legal description. Obviously, also the location of the property needs to be listed. Now, in this case, we have two facts two situations that have occurred that are unusual although they happen in practice quite often there's no recorded case. The first is that this property originally started out as being undeveloped 2.72 acres. The original tax sale, the original tax certificate was issued for the 2.72 acres. During the three years that it takes for the tax process to occur, the property was developed and it was merged into a 9-acre tract and new PIN numbers were issued. Now again, with development, that occurs quite often. But there's no reported case of what happens in that case. Do you use the old PIN number? Do you use the new PIN number? Descriptions, etc. The second thing that happened in this case that again occurs quite often, but again not really a reported case on it is that the owner received actual notice of these proceedings. There's no question that they received notice and we'll go into that in a second of what he did when he received the notice but he elected not to redeem a conscientious decision not to redeem this property. Now, there are several cases in this area that discuss errors as far as the take notice form. The first is the Anderson case. That's where he pleaded. Let me back up just a second. I'm sorry. I'm sorry to repeat. The owner made a conscious decision not to redeem that based on his testimony. Mr. Vandenberg. Yes, he received the notice. He made an inquiry. He handed the notice information over to his attorney. He got a title policy. He believed that it was for another section of property and decided not to redeem it. That's exactly his testimony. That's exactly what happened. He then, of course, changed his mind when he realized that it was a different set of property than what he believed. The cases in tax matters fall to basically two categories. One is where no notices are received. Property owners are served. Property owners are known. Property owners are an issue. Probably 80-90% of the time, that's the cases that you see in this area. But he paid the taxes on the new PIN number, didn't he? No. On some of the properties, yes. I'm sorry. Exhibit number 8, I believe, of the objectors shows the old numbers. There's several of the parcels he chose not to pay on. Several of the parcels he did. But in this parcel that he had to take notice, exhibit number 4, in his hand, in his attorney's hands, looking at, made the decision, no, I'm not going to redeem this parcel, and later changed his mind. The second type of cases are those where the person receives the notice and then challenges the certificate. And that is where we are. This is not a case where no notice was given, or our party wasn't identified, etc. In the Anderson case, the tax purchaser omitted several of the zeros. The tax certificate numbered incorrectly. The number 0-0-0-1-2-3 left off the initial zeros. And the trial court, no, that's wrong. The certificate number was wrong. In the Orr case, on the description, location of the property on the take notice, the tax person put the wrong city down, put the wrong municipality, so it's absolutely incorrect information. In Gramlich, again, all the cases that the trial court reviewed and cited in both briefs, the public court trial court upheld the use of the PIN. So the PIN is a proper information to provide on the take notice. The closest case to our factual situation is the, I believe I'm fast, right, McGillic, M-E-R-G-I-L-I. In that case, a street address was not available, so the tax purchaser used the PIN number. Now, again, remember the statute says you can use the PIN number instead of the legal description. In this case, use the PIN number instead of a street address, but did describe the property as to what it's worth, just as Doug Huff did on exhibit number four. The court in the McGillic case said the sufficiency of the notice is to be viewed against the background of all of the facts and circumstances in the record, and that's, again, what the trial court used as her standard. Remember, in the McGillic case, the trial court denied the tax deed and the appellate court reversed and granted the tax deed. In this matter, the notice was proper. The 2.72 acres that would have been wrong for Doug Huff to have said it's nine acres. It's not. Our certificate is only for the 2.72. The address, it was a part of the street address, but again, property A was entirely on those two storage areas. Property A was entirely within our 2.72. B was not. So, again, had we said A and B of 8405 83rd Street over West, we, again, would have been wrong. And, again, the Anderson case would have meant that we would not be entitled to our tax deed. The argument that was made at the trial court in Indianapolis was that the legal description is somehow wrong. It's a total red herring. The legal description in this case is only found on Exhibit 18. Petitions of Exhibit 18, the petition for tax deed. We filed it. It's put in the file. It's never looked at again. It's not served on the Institute Party. In fact, Mr. Vandenberg testified that he never looked at the court file. And so, the only way to have seen the legal description Mr. Huff prepared on the petition was for someone to go down and get the court file and look at it. There's no testimony or evidence ever that anyone did that. The supervisor of assessments, Rhonda Novak, came in and testified that in five minutes, anyone who had brought in the old tax ID number, the old PIN number, I should say, that Doug Huff put on Exhibit Number 4, the old one, except 2172 Acres, that her office could find the new PIN number and information within five minutes. So, that information was correct. The objectors, Exhibit 7 and 8, there were many evidences, chose the document there in Will County that shows how the PIN was converted from the old number to the new number. So again, not a secret in any way. The owner, Mark Vandenberg, again, received a notice. No question about that. His testimony was very clear. He made an inquiry. He said he went down to the supervisor of assessments but couldn't find anything. It was never explained how the objectors, Rhonda Novak, who they brought in to testify to show how easy it was to find this information, then why did Mark Vandenberg find this information within five minutes? It wasn't anything that Doug Huff did wrong. Again, Exhibit Number 4 does not contain any errors. There's no evidence that anything that is said on this form, the PIN number, the way he described the property, was somehow in error. Vandenberg admitted he did not examine the court file. He didn't go down to look at it, even though, again, Exhibit Number 4 has the case number on it, so the person can go down and look at the file and see what's there. He testified that he gave Exhibit Number 4 to take notice to his attorney. He also said that he had ordered a title commitment and when he got a new mortgage, he didn't remember what it said, as far as the information. He made the decision not to redeem the property and then later changed his mind. In the McGilley case as well, the party who was objecting was examined by the court and that was part of the overall totality of the circumstances that the court said that you should examine. In that case, it was a mechanics ring holder, who again had actual knowledge of the tax deed proceedings. The telecourse said there was no additional information that could have been provided to that person. They could have been able to have discovered that information as well. Again, had there been a mistake on Exhibit Number 4, had there been something wrong that he said, had our PIN number been wrong, had our description have wrong acreage or wrong area or something that was wrong, we wouldn't be here. The argument used to be, well, you should have said something else. Well, there's no case law that says do something else. It says give in the totality of the circumstances, as McGilley says, information that allows the property owner and district party to identify and decide whether to pay the taxes. That's what we did. The property owner decided not to pay those taxes, and then later changed their minds and starts looking at things that they think are wrong. They haven't been able to show anything on Exhibit Number 4 when they take notice that is in fact wrong or incorrect in my planning. As in McGilley, the trial court denied the tax deed, and as in McGilley, we're asking the appellate court to reverse that decision and reinstate or grant our order for the tax deed. How long after you gave notice was that PIN number avoided? Actually, it was the other way around. The PIN number was actually, remember our take notice was sent out three to six months before it had been sent out in 2003. The PIN was actually changed in 2000 with tax sale first, I mean the tax bill goes out under the old number. My client buys the taxes under the old number. Then the property was added to the other acreage. New PIN number was given. Then we file our proceedings for tax deed. We are limited and stuck with our original PIN. We can't increase the acreage. We only bought a certificate that gave us 2.72 acres. We only bought a certificate under the PIN number that's listed here. So that's the time sequence. If we had changed it and put in 9 acres we would have been wrong. If we had sent a different PIN number we would have been wrong. And we know under Anderson we so much as changed two zeros on the number we made a fatal mistake. But if you would have put in a legal description of the property, then what? Then we would have had a legal mistake. But the way it is, you have a PIN that doesn't exist. We have a PIN that doesn't exist now. Not because of anything we did. But that easily to finish exhibit number 8 you could go down to the county and say I have this PIN. As Ms. Novak testified they would say well yes, it doesn't exist anymore but here's the new one. The question now is what does the tax purchaser what are we supposed to do? We know from Anderson we can't change anything. We know from Anderson we don't we can't put down wrong information. So we use What about a sale in error? Well, you can do a sale in error but even under the definition of sale in error there are what, 9 or so under section 310 there's no mistake by the county. The county didn't make a mistake. We go to the state's attorney and say OK, we want a sale in error because of this and so what do we do wrong? There's no bankruptcy. There's no substantial destruction. They sold something and the number's been changed and a greater amount of property. No question about it. And as I said earlier this happens all the time. This happens all the time. My gosh, you go from 2 acres to 10 acres. Well, what do we do? The property owner should do like Mr. Vandenberg here go down to the county find out the information, make a decision whether to redeem it or not redeem it. Thank you. But to say, well we're now going to call it a sale in error and give the money back defeats the entire purpose. Now the county has sold the property. The county sold this correctly initially. Everything was done correctly. Everything was done the way it's supposed to be done. The only problem is that Mr. Vandenberg when he made his inquiry didn't look at the court file gave it to his attorney didn't receive proper information didn't look at it correctly he made a conscious decision not to redeem the property and now he's changed his mind. We don't need to turn this whole system upside down because developments occur and taxes numbers change there's nothing that Mr. Huff did wrong on exhibit number 4. He gave the information we're supposed to give he did it correctly as the Modelli case said under totality of the circumstances the notice was sufficient as it is against the background of all the facts and the circumstances of the record and we believe that the trial court can reverse the Orphan Tax Deficit. But isn't the case in Illinois say that even if there's actual notice if there is any type of deficiency in the take notice provision that we assume the courts are to assume prejudice because the idea behind the tax sale provisions of the statute aren't to help people get property that isn't theirs it's to kind of coerce people into paying their taxes to get people to do it. And you keep talking sort of this is all or nothing you either put the old PIN number down and that's correct or you put a new one down you couldn't have referenced you know this is now known as or it's a portion of or a part of wouldn't you be giving absolute correctness wouldn't you be putting people on notice And there is a difference and that's why we're here because there's a big difference between making a mistake and that's what you're talking about the law is very clear if a mistake is made as in the wrong county as in the wrong certificate number it doesn't matter whether the people relied upon it there's presumed to be harm that's exactly right but there's no case that says well wait a minute everything you said was right everything you said was totally correct but we wish you had said something else we wish you had said something more let me answer this though you're equating putting a PIN number that doesn't exist on this notice as being absolutely correct it doesn't exist well it doesn't exist when you say that it was void it's not like we were wrong now if we put the number down and we made something out of the air put a 30 digit PIN number what if you put no description, no PIN number, no nothing there's nothing wrong on there oh no no we have an obligation to put we have to put a description where the problem is located we have to put the PIN number we have to do that if we leave the number blank then we've got a problem now remember that's the McGillicuddy case the McGillicuddy case didn't put the street address down because it wasn't one but there's a difference between wrong information which we lose, no question about it as opposed to information that is correct and then we look at them to attack the sufficiency of the notice based upon the background and all the facts and circumstances and it's our position, as a matter of law that what we did was sufficient because the fact looked at it it went down and investigated gave it to his attorney got a title positive and decided not to redeem had he not received the documents had there been some other facts there that would be fine but he made, after doing all those acts he still made the decision not to redeem and we believe as a matter of law that puts us in the McGillicuddy which entitles us to a tax cut Any questions? No, thank you very much Mr. Crockett Your Honor Mr. Barr I'm Bob Crockett from Joliet and I represent LaSalle National Bank and National City Bank in this cause This property, this case involves objections to a tax deed on a parcel that for the 1999 taxes was assessed as vacant land it had a pin and it had a legal description it was outlawed C as in cat in Tinley Crossings unit number 1 there's probably some more language but that's what it was it was part of a big industrial development that was held up by the Army Corps of Engineers and this is in the record and so after the tax sale because the property the 1999 taxes weren't paid this vacant parcel it was consolidated into a resubdivision and I have to add that Will County changed its rules because the law used to be when I first started the practice that if you had delinquent taxes you couldn't recortify the subdivision but apparently they changed the rules well what happened was is that in the 3 year period between 2000 and 2004 it was resubdivided and outlawed C which was 2.72 acres became part of lot 12 in Tinley Crossings unit 2 and then what happened is this great big building was built on it containing all these industrial spaces and it had a street address in the end as a result and it was known as 8402 West 183rd Street in Tinley Park lot outlaw C is the easterly third of the property and it is right next to let me get it straight this is exhibit our exhibit 9 so if you look at it you'll see it's right next to a detention pond and that's why Mark Vandenberg didn't redeem the taxes because he thought it was the detention pond based upon the description that was used in the take notice based upon the description I'm not saying legal description I'm talking about description of the property in the take notice and the absence of the legal description in the petition was there a description in the take notice beyond the pen yes yes the description in the take notice was 2.72 acres on the north side of 183rd Street approximately 2630 feet west of 80th Avenue in Tinley Park Illinois that's when it said that's under the heading property located at I'm going to ask you a question if my wife Judy and I invited any of you to dinner at our house in Shorewood and you asked me where do you live? I'm not going to tell you that I live 162 and a half feet east of the intersection of Ravinia and Cornell in Shorewood, Illinois I'm going to tell you I live at 805 Cornell Court, Shorewood, Illinois what we have here justices is a second generation professional tax buyer who is pushing the envelope as best he could to try to be obtuse and not tell the owner of the property A, this is a great big industrial building at 8402 west of 183rd Street, it's not improved and it wasn't outlawed seat in Tidley Crossings Unit 1. He's going to go and he went as far as he could to the edge of the line so he could get this property I'm not saying he's a cheater or anything like that but what he did is he pushed the envelope common sense tells you and he knew that this property was 8402 west of 183rd Street he did because he sent the notices there to the tenants, he served all the tenants, he tried to serve all the tenants so the fact that he was so concerned about not only serving or only using the exact address or the exact description of the property is not the spirit because Counsel got it right, the object of the exercise is to coerce the tax buyer, the owner of the property to redeem, not you know, not to get the property the diligence that's required this is not a 21401 petition under 2245 of the property tax code we filed our objections before he even had approval when we realized what happened he has to strictly comply in the words of section 2240 and I pointed it out in my brief the Anderson case that he refers to the first district appellate court asked the question how strict is strict compliance because that's the language of the statute and the court goes through its analysis and at the end it says strict he uses the Mergilli case to talk about the totality of the circumstances the totality of the circumstances here is that he was intentionally obtuse by not giving the owner of the property sufficient information he didn't use outlaw see he, Dughouse couldn't have known when he filed his petition three months before the redemption period expired that nobody was going to look at he had to assume that somebody was going to look at it but whether Mark Vandenberg looked at it or didn't look at it is really not the point because the law presumes prejudice again this is a case not under 2245 it's not a 214-01 petition there was no order for tax the issue it was a situation where the objections were objections were filed and a hearing was held this is not a case where less is more that I have to only give minimum information if the whole thrust of a property tax code is to coerce an owner to redeem his taxes then I submit to you that the totality of the circumstances here would have indicated just like there is something in the record on an adjacent piece that another taxpayer that counseled brought up at the hearing about other property that Mr. Vandenberg let go he let go all the lowlands he let go all the wetlands he let go all of the stormwater detention areas which would not be taxed at all thinking that this was one of them this one, if you take a look and it's in the record, use both pins the old one and the new one what would have been wrong with that? what would have been wrong with saying that it's known as 8402 West 183rd Street because this one says and it's in the record that it's part of that 8402 West 183rd Street by not saying that he's keeping from the owner the fact that this property is in proof and maybe you want to redeem from this sale Doug Huff went through great lengths to create his own legal description when his tax search which again is in the record, it's an exhibit tells him that this property is out at sea in Timley Crossings unit number 2 and he doesn't use the street address he doesn't use the new pin with the old pin and he and he used he doesn't use the common street address. I submit to you that those three things form the totality of the circumstances that say he didn't strictly comply. The language in the Mergilli case says in the absence in the absence of a street address you've got to use the next best thing it says in the absence of a street address there would seem to be no substitute in this case which would be equally satisfactory that's a direct quote from the Mergilli case here we have it a street address that wasn't used but his argument is that the pin number is as good as a street address it wasn't good it wasn't good at the time because at the time the pin his pin, the old pin it didn't have a street address but at the time when the notices had to go out there's this big building and it does have a street address and it has a different pin what would have been wrong what would have been wrong if he used both what would have been wrong if he used the street address property located at 8402 West 183rd Street because that's where it is and it's not three years or four years before all pins have a legal if you're going to use that argument the old pin had a legal description that legal description wasn't 2.72 acres on the north side of 183rd Street, it wasn't the Meats and Bounds description that Duckhub went to great lengths to create, it was right under his nose, it was Outlot C and Tenley Crossings even at number one do I get my cross appeal argument now? if you'd like to take it now can I do it at Meats and I got two minutes left if I can go ahead we took a cross appeal on an issue that we think Judge Pettengerl made an erroneous ruling LaSalle National Bank was not served in Will County the statute 2215 says if an owner or other poverty interested can be found in the county where the land is located, they have to be served in the county, again strict is strict strict is strict LaSalle National Bank wasn't served in Will County, it was mailed and their argument is well we called and they said to mail it to Chicago that's not what the law the second district appellate court taught me in the Gaffney case a few years ago, that ain't good and what happened is Mr. Critch owned two lots, one had his house on it and one was vacant except there was a trampoline the trampoline morphed into a swing set and other decisions but I know that it was a trampoline because I tried the case and I argued the appeal Mr. Gaffney, my client sends the notice to the LaSalle National Bank, the property was in a land trust and the appellate court and the circuit court said no that's not good enough he had to be served personally because he was an occupant of the property so the actual notice doesn't make any difference the other cases, there's another case where the property is in Cook County, the office of the owner is in DuPage County the name doesn't come to me but it's in the brief and what they do is they serve a secretary at the office in DuPage County when the property is in Cook County and again they get actual notice but the first appellate court says no that's not good enough either because the registered agent was in Cook County and the registered agent should have been served so there isn't one case anywhere involving tax deeds in this state and that's why we appeal on this issue that stands for the proposition that actual notice counts when you don't follow the rules and the statute says strict, you've got to serve them in the county where the property is located. At the time we proved without a doubt that at the time that all these notices were being served the LaSalle National Bank has no less than four offices in Will County Thank you Mr. Crockett Mr. Barr for reply First of all there's absolutely no evidence whatsoever in the record at trial that Mr. Hoffman intentionally tried to be evasive obtuse or not let the parties know that this tax deed had been filed. I tried to look at the documents that I brought but I can't tell. I believe that we sent out at least 15 notices in this case. We sent them to the bank of course we didn't know about it we knew about the bank having the land trust we served the bank several times we called the bank to say where do you want these to somehow say that we were intentionally obtuse or somehow trying to hide this is absolutely wrong there's no evidence of that and if you look again we did everything we could to serve as many people as we could keep in mind that there are two standards one is to give a location that's what the statute requires on exhibit number four where the property is located. The language that we have there is correct. It's located so many feet off Avia on 183rd Avenue in Tenley Park there's no case that says we have to say additional information. This information is correct. Nothing that I heard Mr. Crockett say indicate that our address was wrong. We may even care on the take notice form my client is a second generation tax person I represent quite a few tax persons like Mr. Crockett does they all know the rules we know the Anderson case we try to comply with perfection. We can't put wrong information on the take notice form we would be here today if we had said something wrong such as 8304 West 183rd because the 2.72 acres is not located at that address all of it. We'd be right back here with Mr. Crockett and his client arguing that we made a mistake on our take notice form and we would have and then we would say yes we made a mistake but please forgive our mistake. We didn't make a mistake. We did the best that we could under the totality of the circumstances We don't use both the PIN and the legal the form says or legal description or the PIN there's no reason to put both of them down we put down the PIN that we knew was assigned to that certificate initially. Now regarding the notice on the South Bank keep in mind that the Gaffney case even though I know Mr. Crockett was involved in the case it held that the owner, the individual was not named in the case was not served did not enter an appearance, did not take part in the proceedings. That's not what happened here. They were served as a trial judge found they were served, there's no question the bank received the notice. They're Mr. Crockett's client. They're here they took part in the case, they filed a general appearance, they did all of those things The Gaffney case stands for the proposition that if you don't name someone you don't serve someone the fact that they know doesn't matter Well, we did serve them, they did take part in the case and the fact that we didn't do it how they wanted us to serve them is not part of the Gaffney case The case Mr. Crockett was thinking of is DNS Associates, that's where the registered agent was located in Cook County, they sent the notice to somebody else in DuPage Remember, that's not the case here. LaSalle Bank has branches 50 branches, 100 branches, however the question becomes, if you have remember banks don't have registered agents, DNS Associates had a registered agent located in Cook County. The H&H case says it's good to serve registered agents that's a proper way to do it. Bank doesn't have a registered agent. Do we serve a branch bank located in the county or do we serve the main office or the main trust account where their offices are where the legal department is, where the trust office is where do we send notes? Now the whole thrust of this is, we didn't do a good enough job because we were trying to be intentionally obtusive or not to let people know Well, for crying out loud we called DuPage and said, where do you want the notice? They said, send it to Chicago We sent it to Chicago. The former bank attorney testified at the trial said, oh yeah that's a common, that's what we do that's normal, we tell people, yeah you can send it here, but the main branch the main place where we give action and people will find it and people will know about it is Chicago. That's what we did They're complaining about that I'm saying that had we put some other address on that take notice had we put a different PIN number on that take notice, they would be making the same argument on the take notice that they're making about the fact that we serve the bank in Chicago rather than a branch in William County We believe that we have met the proper standard, we did it right I didn't have any errors we made on the take notice We're asking you to do as the McGillicay case did reverse the trial court and order the tax deductions Thank you Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will issue